**AMERICAN PAPER STOCK
COMPANY, Petitioner,**

v.

**L. M. HOWARD, Respondent.**

**No. B–5361.**

Supreme Court of Texas.

Oct. 15, 1975.

Rehearing Denied Nov. 5, 1975.

Brown, Crowley, Simon & Peebles, M. Hendricks Brown, Fort Worth, for petitioner.

Herrick & Ward, Richard E. Ward, Fort Worth, for respondent.

PER CURIAM.

This is a personal injury action arising from a vehicle collision. Trial was before a jury, which found all special issues favorably to plaintiff L. M. Howard. The trial court granted defendant American Paper Stock Company's motion for judgment *non obstante veredicto* and entered judgment that plaintiff take nothing. The court of civil appeals reversed and rendered judgment for plaintiff. 523 S.W.2d 744.

 The jury verdict, finding damages totaling $109,072.06, was returned on July 24, 1974. The defendant's motion for judgment *n. o. v.* was granted, and the trial court's judgment for the defendant was rendered on September 12, 1974. The judgment of the court of civil appeals was for $109,072.06 with interest thereon of six per-

cent per annum from July 24, 1974, the date of the verdict. The court of civil appeals erred in awarding interest from the date of the verdict in that such action is contrary to Rule 434, Texas Rules of Civil Procedure. The judgment which the trial court should have rendered in this case is for $109,072.06 with interest at six percent per annum from September 12, 1974, the date of the trial court's judgment.

Rule 434, Texas Rules of Civil Procedure, provides:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered . . . ."

■ Rule 434 does not conflict with Article 5069–1.05, Texas Revised Civil Statutes Annotated. That article provides:

"All judgments of the courts of this State shall bear interest at the rate of six percent per annum from and after the date of the judgment . . . ."

The "judgment" here referred to is the judgment of the trial court; since in this case the trial court's judgment was erroneous, the judgment of the court of civil appeals must take its place and plaintiff is entitled to interest from the date of the erroneous judgment. *See D. C. Hall Transport, Inc. v. Hard,* 355 S.W.2d 257 (Tex.Civ. App.—Fort Worth), *writ ref'd n. r. e. per curiam,* 163 Tex. 504, 358 S.W.2d 117 (1962).

We have considered all other points of error urged by petitioner and find no merit therein. Pursuant to Rule 483, Texas Rules of Civil Procedure, the application for writ of error is granted and, without hearing argument, the judgment of the court of civil appeals is reformed as follows: interest on the judgment of six percent per annum shall run from September 12, 1974; and as reformed, is affirmed.