Floyd B. THORNAL, Petitioner,

v.

CARGILL, INC., et al., Respondents.

No. B–8065.

Supreme Court of Texas.

June 13, 1979.

John L. Fulbright, Beaumont, for petitioner.

Benckenstein & Norvell, John H. Benckenstein, Orgain, Bell & Tucker, Cleve Bachman, Wells, Peyton, Duncan, Beard, Greenberg, Hunt & Crawford, George E. Duncan, Beaumont, for respondents.

ON MOTION FOR REHEARING

PER CURIAM.

We withdraw our former per curiam opinion, set aside the former judgment, grant petitioner's motion for rehearing, and substitute this as the court's opinion. This is a personal injury action in which Floyd Thornal alleged injuries resulting from a fall due to negligence. After a jury trial, the court rendered judgment that plaintiff take nothing. The court of civil appeals affirmed in part and reversed and rendered in part. 573 S.W.2d 845.

■ We agree with the holding of the court of civil appeals that the trial court erred in failing to disregard the jury's answer that Thornal's supervisor was aware of the danger involved in using the ramp as a walkway. However, we are not in accord with the court's holding that *Parker v. Highland Park,* 565 S.W.2d 512 (Tex.1978), retroactively controls this disposition. Even when we apply the law as it existed prior to *Parker,* there is no evidence that Thornal's supervisor was aware of the hazard involved in attempting to use the ramp as a walkway under the circumstances as they existed on the occasion in question. The "no duty" doctrine, as it existed before *Parker,* was, therefore, not applicable.

■ In reversing the trial court's judgment and rendering judgment for Thornal, the judgment of the court of civil appeals did not provide for post-judgment interest. In *American Paper Stock Co. v. Howard,* 528 S.W.2d 576 (Tex.1975), we stated that

when the trial court's judgment is erroneous, the judgment of the court of civil appeals must take its place and plaintiff is entitled to interest from the date of the erroneous judgment. Therefore, Thornal was entitled to interest at nine percent from the date of the trial court's judgment.

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant the application for writ of error and, without hearing oral argument, reform the judgment of the court of civil appeals to provide for interest at nine percent from the date of the trial court's judgment, and as reformed, the judgment is affirmed.