12-09-00189-CV

FILED IN COURT OF APPEALS
Appeals District

MAR 31 2014

TYLER TEXAS
CATHY S. LUSK, CLERK

# IN THE SUPREME COURT OF TEXAS

No. 11-0161

LARRY T. LONG, L. ALLAN LONG, AND B. VIRGINIA LONG, IN THEIR CAPACITIES AS TRUSTEES OF THE LAWRENCE ALLAN LONG TRUST, THE CHARLES EDWARD LONG TRUST, THE LARRY THOMAS LONG TRUST AND THE JOHN STEPHEN LONG TRUST D/B/A THE LONG TRUSTS, PETITIONERS,

v.

CASTLE TEXAS PRODUCTION LIMITED PARTNERSHIP, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

**Argued November 5, 2013**

JUSTICE GUZMAN delivered the opinion of the Court.

In this appeal from an oil and gas billing dispute, we determine the accrual date for postjudgment interest when a remand for further proceedings requires new evidence. To resolve this question, we assess the Texas Finance Code, our rules of procedure, and our precedent. The Finance Code provides that postjudgment interest accrues from a money judgment's date. But importantly, remanded cases such as this one involve multiple money judgments. Our Rules of Civil Procedure specify that only one final judgment exists in any case, and historically we have allowed postjudgment interest to accrue only upon a final judgment. But we have often addressed an exception to this accrual rule where a court of appeals can or does render the judgment the trial court

should have rendered. In such circumstances, our Rules of Appellate Procedure operate to substitute the subsequent final judgment in the place of the trial court's original, erroneous judgment—such that postjudgment interest accrues from original judgment date. The rationale behind the postjudgment-interest accrual rule and exception is that a claimant is entitled to postjudgment interest from the judgment date once the trial court possesses a sufficient record to render an accurate judgment.

Here, the court of appeals remanded the case to the trial court so that it could assess the prejudgment interest based upon when the defendant received certain billings from the plaintiff. The trial court determined that such evidence was not in the record and that the record had to be reopened. Rather than obtain the additional evidence, the claimant instead waived its claim for prejudgment interest. The trial court then awarded postjudgment interest from the date of its original, erroneous judgment, and the court of appeals affirmed. We find no abuse of discretion in the trial court's determination that new evidence was needed. But because the remand necessitated reopening the record for additional evidence, the Finance Code and our rules of procedure require that postjudgment interest accrue from the final judgment date rather than the original, erroneous judgment. Accordingly, we reverse the court of appeals' judgment and remand for the trial court to enter judgment in accordance with this opinion.

## I. Background

Castle Texas Production Limited Partnership (Castle) operates gas wells in which the Lawrence Allan Long Trust, the Charles Edward Long Trust, the Larry Thomas Long Trust, and the

2

John Stephen Long Trust (collectively "the Long Trusts"[1]) have an interest. The Long Trusts sued Castle for breach of a joint operating agreement and the conversion of gas. Castle counterclaimed for amounts owed on joint interest billings and prevailed on its counterclaim. In its first judgment, entered in 2001, the trial court awarded Castle prejudgment interest of $73,998.90 without specifying its calculation. On appeal, the court of appeals held that prejudgment interest should have been calculated pursuant to the parties' joint operating agreement for joint interest billings not paid within fifteen days of receipt. 134 S.W.3d 267, 288. The court remanded to the trial court to recalculate prejudgment interest because "[i]t [was] apparent that the amount of prejudgment interest was not so calculated."[2] *Id.*

On remand, Castle made various motions beginning in March 2005, arguing that no new evidence was required for the trial court to recalculate prejudgment interest. When the trial court disagreed and set the matter on its trial docket, Castle sought writs of mandamus and prohibition, which the court of appeals denied in April 2006. In February 2009, Castle again moved for judgment on the existing record. At a hearing in March 2009, the trial court denied Castle's motion and once again set the matter on its trial docket. After obtaining this ruling, Castle waived its prejudgment-interest claim. The trial court entered a final judgment that same day awarding Castle

---

[1] Larry T. Long, Sammy Adamson, and Allan Long are the trustees of the Long Trusts and filed suit and pursued this appeal in their official capacities as trustees. For ease of reference, this opinion refers to the trustees in their official capacity as the Long Trusts.

[2] The court also suggested a remittitur on damages and attorney's fees and, when Castle filed the remittitur, affirmed the trial court's judgment as modified. 134 S.W.3d at 288–89.

3

postjudgment interest from the original judgment date in 2001.[3] The court of appeals affirmed, holding that "a party that *ultimately* prevails is entitled to postjudgment interest from the date the original judgment was rendered, irrespective of whether the original judgment was erroneous, because that is the date upon which the trial court should have rendered a correct judgment." 330 S.W.3d 749, 753. We granted the Long Trusts' petition for review.[4]

## II. Discussion

This appeal requires us to determine the date from which postjudgment interest begins to accrue when a remand requires further evidentiary proceedings. Prejudgment interest and postjudgment interest both compensate a judgment creditor for her lost use of the money due her as damages. *Phillips v. Bramlett*, 407 S.W.3d 229, 238 (Tex. 2013). Prejudgment interest accrues from the earlier of: (1) 180 days after the date a defendant receives written notice of a claim, or (2) the date suit is filed, and until the day before the judgment. TEX. FIN. CODE § 304.104; *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531 (Tex. 1998). Postjudgment interest accrues from the judgment date through the date the judgment is satisfied. *Bramlett*, 407 S.W.3d at 238. We have not previously addressed the accrual date for postjudgment interest if a trial court determines it must reopen the record for new evidence on remand and thus renders multiple judgments during the course of the suit.

---

[3] The trial court subsequently entered a nunc pro tunc final judgment that made no substantive change to the March 2009 final judgment. No party contends the nunc pro tunc judgment has any effect on this proceeding.

[4] We previously granted review of this appeal and set the matter for oral argument in December 2012. Shortly before oral argument, Castle removed this proceeding to federal court because Castle and its parent corporation had filed for bankruptcy in December 2011. The federal bankruptcy court remanded this proceeding in July 2013, and we again set the matter for oral argument.

4

A claimant would prefer postjudgment interest to accrue from the date of the original, erroneous judgment for several reasons. First, postjudgment interest accrues on prejudgment interest[5] and, unlike prejudgment interest, postjudgment interest compounds annually.[6] Additionally, statutory limits such as the one on health care liability claims may prohibit recovery that includes prejudgment interest,[7] but we have never held that postjudgment interest is subject to that limitation. *Bramlett*, 407 S.W.3d at 239. Here, Castle waived its claim for prejudgment interest. Thus, resolving this issue determines whether Castle can recover postjudgment interest from the trial court's original judgment in 2001 or the final judgment after remand in 2009.

## A. The Final Judgment Rule

To determine when postjudgment interest begins to accrue, we must interpret relevant statutes and our rules of procedure, which are issues we review de novo. *Morris v. Aguilar*, 369 S.W.3d 168, 171 n.4 (Tex. 2012). Under the Texas Finance Code, "postjudgment interest on a money judgment of a court in this state accrues during the period beginning on the date the judgment is rendered and ending on the date the judgment is satisfied." TEX. FIN. CODE § 304.005(a). The Finance Code defines a money judgment as "a judgment for money" which "includes legal interest

---

[5] *See* TEX. FIN. CODE § 304.003(a) ("A money judgment of a court of this state . . . including court costs awarded in the judgment and prejudgment interest, if any, earns postjudgment interest at the rate determined under this section.").

[6] *Compare id.* § 304.104 ("Prejudgment interest is computed as simple interest and does not compound."), *with id.* § 304.006 ("Postjudgment interest on a judgment of a court in this state compounds annually.").

[7] *See Columbia Hosp. Corp. of Houston v. Moore*, 92 S.W.3d 470, 474 (Tex. 2002) (holding that prejudgment interest is subject to the limitation on recovery found in the statutory predecessor to the Medical Liability Act).

5

or contract interest, if any, that is payable to a judgment creditor under a judgment."[8] *Id.* § 301.002(a)(12). But this appeal hinges on the term "judgment," which the Finance Code fails to define. We observed in *American Paper Stock Co. v. Howard* that this statutory reference to "judgment" is to "the judgment of the trial court." 528 S.W.2d 576, 577 (Tex. 1975). Texas Rule of Civil Procedure 301 further instructs that "[o]nly one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." TEX. R. CIV. P. 301; *see also Logan v. Mullis*, 686 S.W.2d 605, 609 (Tex. 1985) ("Tex. R. Civ. P. 301 provides that there will be only one final judgment."). A judgment that accrues postjudgment interest must necessarily be a final judgment because a partial summary judgment that grants relief on only one of several claims will not accrue postjudgment interest on the rendered claim until a final judgment resolves all issues among all parties. We therefore assess what constitutes a final judgment when a remand results in multiple trial court judgments.

We assess a judgment's finality differently, depending upon the context. For example, the finality test for the purpose of appeal differs from the finality test for when a court's power to alter a judgment ends or when the judgment becomes final for the purpose of claim and issue preclusion. *Street v. Honorable Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988) (orig. proceeding); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). As explained below, finality for the purpose of appeal bears the closest resemblance to finality for the purpose of accruing

---

[8] The Finance Code further defines contract interest as "interest that an obligor has paid or agreed to pay to a creditor under a written contract of the parties." TEX. FIN. CODE § 301.002(a)(1). Much of the present dispute has centered on the prejudgment interest set forth in the joint operating agreement between Castle and the Long Trusts, which is contract interest under the Finance Code.

6

postjudgment interest. A judgment is final for the purpose of appeal "if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."[9] *Lehmann*, 39 S.W.3d at 195.[10] A judgment that disposes of all parties and claims begins appellate deadlines and generally triggers the accrual of postjudgment interest. *See* TEX. FIN. CODE § 304.005(a). But if an appellate court reverses that final judgment and remands for further proceedings, the original, erroneous trial court judgment is no longer final because it no longer disposes of all parties and claims. Generally then, if a remand results in multiple trial court judgments, postjudgment interest accrues from the date of the *final* judgment (rather than the original, erroneous judgment).

## B. The "Can or Does Render" Exception

Texas Rule of Appellate Procedure 43.3 establishes a limited exception to the general rule that postjudgment interest accrues from the final judgment date. Rule 43.3 provides that, "[w]hen reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial." TEX. R. APP. P. 43.3. Though our precedents on postjudgment interest have involved this exception rather than the general postjudgment-interest accrual rule, such precedents nonetheless offer guidance about the rule's purpose and contours.

---

[9] As addressed in Part II.B, *infra*, a trial court may, in appropriate circumstances, sever a rendered claim to make that ruling an appealable final judgment that accrues postjudgment interest from the date of severance.

[10] *See also Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding) ("A final judgment is one which disposes of all legal issues between all parties."); *West v. Bagby*, 12 Tex. 34, 34 (Tex. 1854) ("A final judgment is there defined to be the award of the judicial consequences which the law attaches to the facts, and determines the subject-matter of controversy between the parties. . . .").

We first interpreted the predecessor to Rule of Appellate Procedure 43.3 more than a half century ago. In *D.C. Hall Transport, Inc. v. Hard*, the jury rendered a verdict for the plaintiff, but the trial court granted the defendants' motion for judgment notwithstanding the verdict. 355 S.W.2d 257, 258 (Tex. Civ. App.—Fort Worth) *writ ref'd n.r.e. per curiam*, 358 S.W.2d 117 (Tex. 1962). Neither the jury nor the trial court, however, had made a finding concerning the disputed scope of a contract. *Id.* Because the existing record created a fact issue concerning the scope of the contract, we remanded for the trial court to make the omitted finding. *Id.* The trial court resolved the fact issue on remand without taking new evidence and entered a new final judgment that awarded interest from the date of the original, erroneous judgment. *Id.* The court of appeals affirmed the award of postjudgment interest from the date of the original judgment, reasoning that, "[i]n effect, the [remand] judgment was the judgment which should have been rendered . . . when the non obstante judgment was rendered." *Id.* at 260. We approved that decision.[11] *D.C. Hall*, 358 S.W.2d at 117. Thus, under *D.C. Hall*, if a remand does not require the trial court to reopen the record, the exception contained in Rule of Appellate Procedure 43.3 applies, and postjudgment interest will accrue from the date of the original, erroneous judgment.[12]

---

[11] The court of appeals had addressed various factual determinations that were beyond our jurisdiction, so we could not refuse the writ and adopt that opinion as our own. *D.C. Hall*, 358 S.W.2d at 117. But we did "approve the decisions of law" of the court of appeals—including the decision regarding postjudgment interest—via per curiam opinion when refusing the writ due to no reversible error. *Id.*

[12] Similarly to *D.C. Hall*, we reversed and remanded a take nothing judgment in *Vassallo v. Nederl-Amerik Stoomv Maats Holland* and instructed the trial court to enter judgment for the plaintiff. 344 S.W.2d 421, 426 (Tex. 1961). On remand, the trial court entered judgment for the plaintiff with postjudgment interest accruing from the date of its original judgment, the court of appeals affirmed, and we found no reversible error. *Nederland sch-Amerikaansche-Stoomvaart-Maatschappij; Holland-Am. Line v. Vassallo*, 365 S.W.2d 650, 656 (Tex. Civ. App.—Houston 1963, writ ref'd n.r.e.).

8

We have confirmed the principle of *D.C. Hall* in several appeals involving simpler postures—when a court of appeals renders the judgment the trial court should have rendered. In *American Paper*, the jury returned a verdict in favor of the plaintiff, but the trial court entered a take-nothing judgment notwithstanding that verdict. 528 S.W.2d at 576. The court of appeals reversed, rendered judgment on the verdict, and ordered that postjudgment interest should accrue from the date of the verdict. *Id.* at 576–77. We reformed that judgment to provide for postjudgment interest to accrue from the trial court's judgment date. *Id.* at 577. We explained that the predecessor to Finance Code section 304.005 required postjudgment interest to accrue from the date of the judgment, which "is the judgment of the trial court." *Id.* And citing *D.C. Hall*, we held that under the predecessor to Rule of Appellate Procedure 43.3, "the judgment of the court of civil appeals must take its place and plaintiff is entitled to interest from the date of the erroneous judgment." *Id.* Thus, under *American Paper*, if an appellate court renders the judgment the trial court should have rendered, postjudgment interest accrues from the date of the trial court's original, erroneous judgment.

We likewise applied the *American Paper* exception in *Thornall v. Cargill, Inc.*, 587 S.W.2d 384 (Tex. 1975). There, the court of appeals affirmed a judgment in part and reversed and rendered the remainder of the judgment. *Id.* at 384. But the court of appeals' judgment failed to award postjudgment interest, and we reformed the judgment to award postjudgment interest from the date of the trial court's erroneous judgment. *Id.* at 385.

Most recently, in *Bramlett*, we summarized *American Paper* and *Thornall* as holding that "when an appellate court reverses a trial court's judgment and renders judgment on appeal,

9

postjudgment interest begins to run from the date of the trial court's judgment, not the later date of the appellate court's judgment." 407 S.W.3d at 239. But we viewed the *Bramlett* fact pattern as akin to that in *D.C. Hall* where, instead of rendering the judgment the trial court should have rendered, we remanded and the trial court made further determinations on the existing record. *Id.* at 240. As in *D.C. Hall*, we held that postjudgment interest accrues from the date of the original trial court judgment if the appellate court remands for entry of judgment consistent with its opinion and the trial court is not required to admit new or additional evidence to enter that judgment. *Id.* at 239. After discussing the court of appeals' opinion at issue here, we specifically left open the question of the date from which postjudgment interest accrues if there is a retrial or new evidence is required on remand. *Id.* at 242–43.

Thus, the general rule is that postjudgment interest accrues from the date of the judgment, which is the final judgment in a case where the trial court issues multiple judgments. TEX. FIN. CODE § 304.005(a); TEX. R. CIV. P. 301. The exception is when the appellate court renders (or could have rendered) judgment, in which case postjudgment interest accrues from the date of trial court's original, erroneous judgment. TEX. R. APP. P. 43.3. But when an appeal instead results in a retrial or a remand for further proceedings where new evidence is required, postjudgment interest will accrue from the trial court's subsequent judgment.

The purpose behind the long-standing exception under Rule of Appellate Procedure 43.3 confirms the general rule that postjudgment interest should accrue from the subsequent trial court judgment in cases where the trial court must reopen the record. If the trial court possessed a sufficient record to render a correct judgment, the Finance Code and the rules of procedure allow

10

postjudgment interest to accrue from the original judgment date. But if the trial court did not possess a sufficient record to render a correct judgment or the record otherwise must be reopened (as in a retrial),[13] postjudgment interest will only accrue on the final judgment date once the record is sufficient.

We cannot agree with Castle that postjudgment interest should always accrue from the date of the trial court's first judgment. Such an interpretation renders meaningless the Finance Code provisions and Rule of Civil Procedure 301, which require postjudgment interest to accrue from the final judgment date. Similarly, if postjudgment interest always accrues from the date of the original, erroneous trial court judgment, our precedents construing the rules of appellate procedure would have had no need to address whether the appellate court could or did render the judgment the trial court should have rendered. We must interpret statutes and rules of procedure to give them effect, and thus we decline to adopt Castle's blanket rule that postjudgment interest accrues from the date of the original, erroneous trial court judgment in every proceeding. *See City of Waco v. Lopez*, 259 S.W.3d 147, 153 (Tex. 2008) ("[C]ourts are to avoid interpreting a statute in such a way that renders provisions meaningless.").

---

[13] We recognize that the cause for a retrial might not be the fault of the claimant, and the record on retrial may be similar to the record from the initial trial. But even in such circumstances, the Finance Code requires interest to accrue from the date of the judgment, which is necessarily the final judgment. TEX. FIN. CODE § 304.005(a). And the exception in Rule of Appellate Procedure 43.3 cannot apply to retrials because, under such circumstances, the appellate court cannot render the judgment the trial court should have rendered. *See* TEX. R. APP. P. 43.3. While the Finance Code's postjudgment interest accrual rule and the exception under our rules of procedure should achieve fairness in most circumstances, fairness is not the test mandated by our statutes and rules to be applied to the calculation of postjudgment interest in a case-by-case fashion. Rather, the parties' awareness of these principles, and the appropriate use of severance, offers of proof, and bills of exception as discussed below, should yield fairness in a predictable context to the greatest extent possible.

11

Having determined the parameters of the postjudgment-interest accrual rule and its exception, the parties here raise two related procedural questions: (1) which court decides whether the record must be reopened on remand, and (2) at what point should that decision be based? As a practical matter, the trial court should determine whether the record must be reopened on remand. While Rule of Appellate Procedure 43.3 requires a court of appeals to render the judgment the trial court should have rendered, the limited nature of appellate records can make this task impossible. Such was the case in *Bramlett* where we remanded for the trial court to enter judgment consistent with our opinion, and the trial court did not reopen the record in order to enter judgment. 407 S.W.3d at 233. Thus, the trial court should determine whether it must reopen the record on remand.[14]

Likewise, the trial court should make the determination whether to reopen the record as of the time the court of appeals remanded the proceeding. As explained above, the purpose of the postjudgment-interest accrual rule and exception indicate that a claimant is entitled to accrue postjudgment interest from the judgment date following the time the trial court possessed a sufficient record to render a correct judgment. If, as here, a claimant fails to equip the trial court with a sufficient record on remand and decides to waive a claim, only at the time of this waiver does the trial court possess a sufficient record to enter a correct judgment. Thus, if a trial court determines

---

[14] If a party believes the trial court erred in its determination of whether it must reopen the record, such a decision is necessarily reviewable on appeal of the final judgment the trial court enters. Here, Castle disagreed with the trial court's determination that it must reopen the record. As explained in Part II.E, *infra*, we hold that the trial court did not abuse its discretion in determining that it needed to reopen the record.

12

that it must reopen the record on remand to comply with a court of appeals decision, it should make that determination based upon the claims and record as of the time of the remand.

Taken together, the Finance Code, our rules of procedure, and our precedent from *D.C. Hall* to *Bramlett* require the conclusion that postjudgment interest accrues from the date of the final judgment (rather than the original, erroneous judgment) unless the appellate court can or does render the judgment the trial court should have rendered. As the parties discussed at oral argument, however, our precedent and rules of procedure offer some methods through which courts and parties may affect postjudgment interest with severance, offers of proof, and bills of exception.

Under Texas Rule of Civil Procedure 41, a court may sever and proceed separately with a claim against a party and may sever different grounds of recovery before submission to the trier of fact.[15] TEX. R. CIV. P. 41; *State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993). And other rules of procedure provide limited exceptions to Rule of Civil Procedure 41, allowing a trial or appellate court to order retrial on only part of a matter affected by error if doing so will not result in unfairness to the parties. *See* TEX. R. CIV. P. 320[16]; TEX. R. APP. P.

---

[15] We have held that a claim is properly severable if: "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (quoting *Guar. Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990)). Avoiding prejudice, doing justice, and increasing convenience are the controlling reasons to sever. *Id.*

[16] Rule of Civil Procedure 320 provides:

When it appears to the court that a new trial should be granted on a point or points that affect only a part of the matters in controversy and that such part is clearly separable without unfairness to the parties, the court may grant a new trial as to that part only, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.

TEX. R. CIV. P. 320.

13

44.1(b)[17]; *Cotner*, 845 S.W.2d at 819. For example, in *Danziger v. San Jacinto Savings Association*, we severed and remanded a claim that had not been (but should have been) submitted to the fact-finder from other claims on which we rendered judgment. 732 S.W.2d 300, 304 (Tex. 1987). We specified that the rendered claims would accrue postjudgment interest from the date of the original trial court judgment.[18] *Id.* Further, we also rendered judgment for damages on a portion of another claim (with postjudgment interest to accrue from the date of the original trial court judgment) and severed and remanded the issue of attorney's fees.[19] *Id.* The trial court found no damages and thus adduced no evidence for an award of attorney's fees as the statute provided. *Id.*[20]

## C. The Courts of Appeals

Before the court of appeals' decision at issue here, only two court of appeals' opinions had substantively addressed the accrual date for postjudgment interest if the trial court must reopen the record on remand. Both courts of appeals held that postjudgment interest accrues from the date of the original, erroneous trial court judgment. The court of appeals here had previously addressed the

---

[17] Rule of Appellate Procedure 44.1 provides:

> If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. The court may not order a separate trial solely on unliquidated damages if liability is contested.

TEX. R. APP. P. 44.1(b).

[18] The severed and remanded claim would necessarily have accrued postjudgment interest from the trial court's subsequent judgment date.

[19] In addition to *Danziger*, we also severed the disputed issue of attorney's fees from the remainder of a claim on which we rendered judgment in *Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901, 907 (Tex. 1966).

[20] Parties may also affect postjudgment interest with offers of proof or bills of exception, which allow parties to include in the appellate record matters that do not otherwise appear in the record, such as excluded evidence. TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.2; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006).

14

issue in *State Department of Highways and Public Transportation v. City of Timpson*, 795 S.W.2d 24 (Tex. App.—Tyler 1990, writ denied). In *Timpson*, the trial court erroneously failed to submit a jury question regarding a settling defendant's negligence, and the court of appeals remanded for a retrial only on the comparative negligence of the two defendants. *Id.* at 25. On retrial, the trial court awarded postjudgment interest from the date of the subsequent judgment. *Id.* at 27. The court of appeals reversed, and—without discussion—stated that "[i]nterest on the revised judgment should run from the date of the original or erroneous judgment." *Id.* As support, the court cited *D.C. Hall* and *Copper Liquor v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir. 1985). But as addressed previously, *D.C. Hall* involved a remand where the trial court took no new evidence, and thus fell under the exception in the Rules of Appellate Procedure applicable to cases in which the court of appeals can or does render the judgment the trial court should have rendered. *Bramlett*, 407 S.W.3d at 240. *D.C. Hall* does not support the conclusion in *Timpson*.

Likewise, *Timpson* relied upon *Copper Liquor*, as support for the conclusion that postjudgment interest accrues from the date of the original, erroneous trial court judgment. 795 S.W.2d at 27. Federal cases such as *Copper Liquor* are necessarily predicated on federal rules of procedure and are of limited value.[21] Even so, the general rule regarding postjudgment interest in

---

[21] Following its decision in *Briggs v. Pennsylvania Railroad Co.*, 334 U.S. 304 (1948), the United States Supreme Court promulgated Federal Rule of Appellate Procedure 37, which now provides:

> (a) When the Court Affirms. Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.

> (b) When the Court Reverses. If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

the Fifth Circuit appears to be that postjudgment interest accrues from the date of the subsequent judgment. *See Vickers v. Chiles Drilling Co.*, 882 F.2d 158, 159 (5th Cir. 1989) ("If an appellate court reverses or modifies a judgment with a direction that a judgment be entered against a party, the mandate from the appellate court must specifically order that interest run from the date of the first judgment, else interest runs from the date of the second, modified judgment." (citing FED. R. APP. P. 37; *Briggs v. Penn. R.R. Co.,* 334 U.S. 304 (1948))). Accordingly, *Copper Liquor* does not support the holding in *Timpson* that postjudgment interest accrues from the date of the first judgment.

The other court of appeals to have addressed the question before us was *Gamma Group v. Transatlantic Reinsurance Co.*, 365 S.W.3d 469 (Tex. App.—Dallas 2012, no pet.). In *Gamma Group*, the court of appeals first held that the trial court erroneously awarded reasonable losses of $1.3 million rather than incurred losses and ordered a retrial on the limited issue of damages. *Id.* at 471. After taking new evidence, the trial court awarded more than $2.7 million in incurred-loss damages, with postjudgment interest accruing from the date of its original, erroneous judgment. *Id.* at 471, 475. The court of appeals affirmed that holding, citing to the court of appeals opinion at issue here and *Timpson. Id.* at 476. But as explained previously, these opinions do not properly give effect to the Finance Code and our rules of procedure, under which postjudgment interest accrues from the final judgment date unless the appellate court can or does render the judgment the trial court should have rendered. To the extent *Timpson* and *Gamma Group* conflict with this opinion, we overrule them.

---

FED. R. APP. P. 37.

16

## D. Other Jurisdictions

Other jurisdictions often rely on their particular statutes, rules, and interpreting caselaw, so their relevance here is particularly weak. Nonetheless, we note that California appears to follow this general approach. *See Stockton Theatres, Inc. v. Palermo*, 360 P.2d 76, 78 (Cal. 1961) ("When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment. On the other hand, when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment." (citations omitted)).[22] And commentators have observed that our principle in *American Paper*—that postjudgment interest accrues from the original judgment date if the court of appeals renders the judgment the trial court should have rendered—is the majority rule.[23]

## E. Application

Having construed the Finance Code and our rules of procedure to require postjudgment interest to accrue from the final judgment date unless the appellate court can or does render the judgment the trial court should have rendered, we turn to the facts of the case at hand. Castle counterclaimed against the Long Trusts for breach of the parties' joint operating agreement by

---

[22] *See also Presbyterian Distrib. Serv. v. Chicago Nat'l Bank*, 183 N.E.2d 525, 527 (Ill. App. 1962) (allowing postjudgment interest to accrue from date of subsequent judgment entered after further proceedings on remand).

[23] 1 COMMERCIAL DAMAGES: A GUIDE TO REMEDIES IN BUSINESS LITIGATION ¶ 6-49 (Charles L. Knapp ed. 2011) ("The majority rule is that where a money award has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, interest on the award should accrue from the original judgment date."); Annotation, *Date from which Interest on Judgment Starts Running, as Affected by Modification of Amount of Judgment on Appeal*, 4 A.L.R.3d 1221, 1223, § 2 (1965) ("In most cases where a money award has been modified on appeal, and the only action necessary in the trial court has been compliance with the mandate of the appellate court, the view has been taken that interest on the award as modified should run from the same date as if no appeal had been taken, that is, ordinarily, from the date of entry of the verdict or judgment." (citation omitted)).

failing to pay their share of joint interest billings. The joint operating agreement provided for interest to accrue on joint interest billings not paid within fifteen days of their receipt. 134 S.W.3d at 288. In its 2001 judgment, the trial court failed to specify its calculation for $73,998.90 of prejudgment interest it awarded Castle. The court of appeals reversed and remanded, holding prejudgment interest should have been calculated pursuant to the joint operating agreement. *Id.* at 288. On remand, the trial court concluded multiple times that it required evidence indicating when the Long Trusts received the joint interest billings to adjudicate prejudgment interest under the joint operating agreement. Castle sought writs of mandamus and prohibition regarding one such ruling, which the court of appeals denied after concluding "there are issues before the trial court requiring factual determinations." *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 405 (Tex. App.—Tyler 2006, orig. proceeding). Castle eventually waived its prejudgment interest claim, and on that same day in 2009, the trial court entered a final judgment that awarded Castle postjudgment interest from the 2001 judgment.

As explained above, postjudgment interest accrues from the final judgment date unless the appellate court can or does render the judgment the trial court should have rendered. And the determination of whether the record must be reopened on remand is one for the trial court in the first instance to be made based upon the time of remand. Here, the trial court determined new evidence was required at the time of remand—a decision the court of appeals did not overturn. *In re Castle*, 189 S.W.3d at 405 ("[T]here are issues before the trial court requiring factual determinations."). We review the trial court's decision to admit new evidence for an abuse of discretion. *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011).

18

Castle argues that new evidence was not needed because (1) the record included evidence of when the Long Trusts received joint interest billings, and (2) even without such evidence, the trial court had a duty to rule that Castle failed to carry its burden of proving prejudgment interest on the existing record. The Long Trusts argue that, although evidence existed that Castle was entitled to prejudgment interest, the remand required reopening the record for evidence of when the Long Trusts received the billings. We agree with the Long Trusts and hold that the trial court did not abuse its discretion in concluding that it needed additional evidence.

Castle claimed in the trial court that the existing record could substantiate when the Long Trusts received certain joint interest billings because the record included a letter from Castle to the Long Trusts that purportedly enclosed joint interest billings. But the letter Castle filed with the trial court failed to include the allegedly enclosed joint interest billings, and Castle does not argue that any other evidence in the record establishes when the Long Trusts received the billings. Thus, we cannot agree with Castle that the existing record offered sufficient evidence of when the Long Trusts received the joint interest billings or that the trial court's decision to reopen the record abused its discretion.

Neither do we agree with Castle that the trial court had a duty to deny it recovery of prejudgment interest on the existing record. Castle relies on Texas Rule of Civil Procedure 270, which provides that a court may permit additional evidence to be offered at any time when it clearly appears necessary to the due administration of justice, except that "in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." TEX. R. CIV. P. 270. But, Rule 270 is not designed to prohibit the trial court from reopening the record when a court of appeals

19

reverses and remands for further proceedings. The ability to remand a portion of a claim is instead governed by Rule of Appellate Procedure 44.1, and Castle has not challenged the court of appeals' decision to remand only the issue of prejudgment interest rather than the entirety of its claim. Tex. R. App. P. 44.1(b). Moreover, the record in 2001 included some evidence that Castle was entitled to prejudgment interest because the Long Trusts had not paid certain amounts owed on joint interest billings by the date of the original judgment. But this was not evidence as to the specific amount of prejudgment interest the Long Trusts owed under the joint operating agreement. Because evidence existed that the Long Trusts owed prejudgment interest, the court of appeals remanded for a recalculation. *See Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 402 (Tex. 1981) (providing that the court of appeals must ordinarily remand for a new trial when, despite some evidence, the evidence is factually insufficient); *see also City of Laredo v. Montano*, 414 S.W.3d 731, 737 (Tex. 2013) (remanding for recalculation of attorney's fees when evidence of work performed existed but was insufficient to support the amount awarded in the judgment). And Castle does not argue here that the court of appeals was required to render judgment that Castle take nothing on its prejudgment interest issue rather than remanding it. Accordingly, we disagree with Castle that the trial court had a duty to deny its claim for prejudgment interest based upon the existing record, and the trial court did not abuse its discretion in determining that new evidence was required to properly calculate prejudgment interest.

Neither waiver nor severance affect our conclusion. After the trial court required additional evidence on Castle's prejudgment interest claim, Castle waived the claim. But this waiver of prejudgment interest does not affect the date on which postjudgment interest accrues. Because the

20

trial court did not possess a sufficient record on which to render a correct judgment on its claims in 2001, Castle is not entitled to postjudgment interest from the 2001 judgment. In 2009, Castle amended its pleadings to, for the first time, yield a sufficient record for the trial court to render a correct judgment. Castle is therefore entitled to postjudgment interest from the 2009 judgment.

Finally, the issue of severance does not affect our analysis. The court of appeals did not sever the portion of Castle's claim it affirmed from the portion it remanded—as we did in *Danziger*. The court of appeals was familiar with severance, a procedure it implemented in severing the Long Trusts' claim from Castle's counterclaim in the first appeal. 134 S.W.3d at 288–89. And Castle does not claim here that the court of appeals erred by not severing the prejudgment interest issue from the remainder of its claim. We express no opinion whether the court of appeals could have severed the prejudgment interest portion of Castle's counterclaim from the remainder of the claim.

## III. Conclusion

In sum, under the Finance Code and our rules of procedure, postjudgment interest accrues from the final judgment date unless the appellate court can or does render the judgment the trial court should have rendered. If the trial court determines that it must reopen the record on remand based upon the record and pleadings as they existed at the time of the remand, postjudgment interest will accrue from the subsequent judgment. But if the court of appeals can or does render the judgment the trial court should have rendered, postjudgment interest accrues from the original, erroneous trial court judgment.

Here, the court of appeals remanded for the trial court to assess prejudgment interest based upon the date the Long Trusts received joint interest billings. The trial court determined it required

21

additional evidence to decide that issue. Because there was insufficient evidence in the record establishing when the Long Trusts received the billings and because the trial court had no duty to deny Castle's request for prejudgment interest on the existing record, we find no basis to conclude that the trial court's ruling to reopen the record was an abuse of discretion. Accordingly, postjudgment interest must accrue from the trial court's final judgment in 2009. We reverse the court of appeals' judgment and remand for the trial court to render judgment for Castle, with postjudgment interest to accrue in accordance with this opinion.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** March 28, 2014