**Opinion issued October 4, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00067-CV

_____

**DAVID POLLITT, Appellant**

**V.**

**COMPUTER COMFORTS, INCORPORATED, Appellee**

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Case No. 11-CV-1203

## MEMORANDUM OPINION

Appellant David Pollitt appeals from the final judgment rendered against him on fraud and contract claims. He argues that the judgment violated the one-satisfaction rule by awarding exemplary damages for the fraud claim and attorney's fees for the contract claim. He also contends that postjudgment interest

was erroneously awarded from the date of an earlier judgment that was vacated as the result of a prior appeal.

We sustain the first issue because the amended judgment improperly awards attorney's fees, and we overrule the remaining issue because the amended judgment properly awarded postjudgment interest from the date of the original judgment.

We modify the amended judgment to delete the award of attorney's fees, and otherwise we affirm.

## I.     One-satisfaction rule

The factual background of this dispute was described in our opinion in a prior appeal in this case. *See Pollitt v. Computer Comforts, Inc.*, No. 01-13-00785-CV, 2014 WL 7474073 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.) ("*Pollitt I*"). We take judicial notice of the appellate record in the prior appeal. *See Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 806 n.1 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The result of the first appeal was a remand "for the fact-finder to determine how much in exemplary damages, if any, should be awarded against Pollitt individually." *Pollitt I*, 2014 WL 7474073, at *4. On remand, the trial court (with a different judge presiding) requested briefing on the exemplary-damages issue. The trial-court brief filed by appellee Computer Comforts, Inc. included evidentiary arguments with citations to the reporter's

2

record from the trial on the merits, and Pollitt's trial-court brief included a proffer of the reporter's record and his evidentiary arguments.

The trial court awarded exemplary damages against Pollitt in the amount of $20,000. Pollitt objected to the judgment proposed by Computer Comforts, and he argued based on the one-satisfaction rule that there must be an election of remedy because the trial court could not award both attorney's fees for breach of contract and exemplary damages on the fraud claim. The trial court signed the proposed judgment, allowing Computer Comforts to recover: actual damages from Pollitt and the other defendants, jointly and severally, in the amount of $40,000; exemplary damages from the other defendants in the amount of $40,000; exemplary damages from Pollitt in the amount of $20,000; and attorney's fees in the amount of $11,500 from all defendants, jointly and severally. Pollitt filed a motion to modify the judgment, again relying upon the one-satisfaction rule, but the motion was overruled by operation of law.

On appeal, Pollitt continues to argue that the trial court erred in rendering a judgment against him that includes both an award of attorney's fees for breach of contract and exemplary damages for fraud because it violates the one-satisfaction rule. Pollitt asserts that we should vacate the award of attorney's fees because the $20,000 exemplary-damages award affords the greater recovery. Computer Comforts did not file an appellee's brief to respond to Pollitt's arguments.

The one-satisfaction rule provides that a plaintiff is limited to only one recovery for any damages suffered because of a single injury. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991); *TMRJ Holdings, Inc. v. Inhance Techs., LLC*, 540 S.W.3d 202, 208 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Pollitt I*, 2014 WL 7474073, at *4 (citing *Stewart Title*, 822 S.W.2d at 7). "The rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury." *Pollitt I*, 2014 WL 7474073, at *4 (citing *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000)).

A party may seek damages based on alternate theories of liability—as Computer Comforts did—but it is not entitled to a double recovery for a single injury. *See Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998); *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 63–64 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). When a party pleads and prevails on alternate theories of liability, "a judgment awarding damages on each alternate theory may be upheld if the theories depend on separate and distinct injuries and if separate and distinct damages findings are made as to each theory." *Pollitt I*, 2014 WL 7474073, at *4.

The one-satisfaction rule further precludes a party from mixing damage elements from different liability theories to maximize recovery of damages. *See Chapa*, 212 S.W.3d at 304; *McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871, 916–17 (Tex. App.—Dallas 2014, pet. denied). Thus, a party who has suffered a single injury cannot recover exemplary damages under a fraud theory and also recover attorney's fees for breach of contract. *See, e.g.*, *Win Shields Prods., Inc. v. Greer*, No. 05-16-00274-CV, 2017 WL 2774443, at *5–6 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.) (applying one-satisfaction rule to fraudulent-inducement and breach-of-contract claims); *McCullough*, 435 S.W.3d at 916–17 (applying one-satisfaction rule to alternate liability theories of breach of contract, fraud, and breach of fiduciary duty); *see also Chapa*, 212 S.W.3d at 304 (noting that plaintiff could recover attorney's fees but not exemplary damages for breach of contract and that plaintiff could recover exemplary damages but not attorney's fees for fraud).

When a party does prevail on alternate theories, the party is entitled to elect recovery on the theory affording the greatest recovery. *Chapa*, 212 S.W.3d at 304, 314; *Madison v. Williamson*, 241 S.W.3d 135, 158 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). If the prevailing party fails to elect between the alternate theories, the court should render judgment using the findings that afford the

5

greatest recovery. *McCullough*, 435 S.W.3d at 917 (citing *Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987)).

The origin of this dispute was an order placed by the Covington entities to buy computer furniture from Computer Comforts. After the furniture was delivered, the Covington entities did not pay. Computer Comforts asserted its breach-of-contract claim against the defendants, including Pollitt, for failure to pay for the furniture. Its fraudulent-inducement claim was that the defendants, including Pollitt, ordered the furniture with no intent to pay for it. Computer Comforts suffered a single injury—the loss associated with receiving no payment for the furniture—and there is no argument and no evidence that Computer Comforts suffered separate and distinct injuries resulting from the alternate liability theories of fraud and breach of contract. *See*, *e.g.*, *Win Shields*, 2017 WL 2774443, at *6; *McCullough*, 435 S.W.3d at 916–17. Based on the facts of this case, Computer Comforts cannot recover from Pollitt an award of attorney's fees for breach of contract in the amount of $11,500 and exemplary damages for fraud in the amount of $20,000. The trial court erroneously awarded both of those damages amounts. We therefore sustain Pollitt's first issue. Because the $20,000 exemplary-damages award for fraud provides the greater recovery, we reverse the portion of the amended judgment that awarded attorney's fees.

## II.    Postjudgment interest

The judgment on remand awarded postjudgment interest on "the total amount of the judgment here rendered" "at the rate of 6% from June 10, 2013 until paid." June 10, 2013 was the date of the original judgment. Pollitt asserts in his second issue that postjudgment interest was erroneously awarded from the date of the original judgment and that it should be awarded from the date of the amended judgment.

In the first appeal, after finding error in the original judgment's award of exemplary damages against all defendants jointly and severally, this court remanded the case for a determination of how much in exemplary damages, if any, should be awarded against Pollitt. As noted above, the trial court corrected its error in the amended judgment, awarding exemplary damages against Pollitt individually in the amount of $20,000. Postjudgment interest "accrues during the period beginning on the date the judgment is rendered and ending on the date the judgment is satisfied." TEX. FIN. CODE § 304.005(a). In a recent series of cases, the Supreme Court of Texas formulated rules for which judgment should be used for postjudgment-interest accrual when there is more than one judgment as a result of an appellate-court remand. *See Ventling v. Johnson*, 466 S.W.3d 143, 149–51 (Tex. 2015); *Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 77–82 (Tex. 2014);

*Phillips v. Bramlett*, 407 S.W.3d 229, 238–43 (Tex. 2013); *see also Whittington v. City of Austin*, 456 S.W.3d 692, 707–08 (Tex. App.—Austin 2015, pet. denied).

In *Ventling*, the Court reiterated the rule that it had formulated in *Phillips* on which judgment controls for the purpose of postjudgment-interest accrual, noting that the answer "depends on whether additional evidence is required on remand." *Ventling*, 466 S.W.3d at 149. "'[W]hen an appellate court remands a case to the trial court for entry of judgment consistent with the appellate court's opinion, and the trial court is not required to admit new or additional evidence to enter that judgment . . . the date the trial court entered the original judgment is the 'date the judgment is rendered,' and postjudgment interest begins to accrue . . . as of that date.'" *Id.* at 150 (quoting *Phillips*, 407 S.W.3d at 239).

The trial court did not reopen the record on remand; it did not require or allow new or additional evidence, and thus it possessed a sufficient record as of the date of the original judgment to render an accurate judgment. *See Long*, 426 S.W.3d at 76 ("The rationale behind the postjudgment-interest accrual rule and exception is that a claimant is entitled to postjudgment interest from the judgment date once the trial court possesses a sufficient record to render an accurate judgment."); *Whittington*, 456 S.W.3d at 707–08 (concluding that postjudgment interest properly awarded from original judgment's date because trial court disposed of condemnation compensation on remand without considering additional

8

evidence or reopening record). Therefore the trial court did not err by awarding postjudgment interest from the date of the original judgment. We overrule Pollitt's second issue.

## Conclusion

We modify the amended judgment to delete the $11,500 award of attorney's fees to Computer Comforts, and we affirm the amended judgment as modified.


Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.