# IN THE SUPREME COURT OF TEXAS

No. 17-0863

IN RE CASTLE TEXAS PRODUCTION LIMITED PARTNERSHIP, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

Four years ago, we clarified how to determine the accrual date for postjudgment interest when a remand for further proceedings requires new evidence. *See generally Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73 (Tex. 2014). We summarized our holding as follows:

> [P]ostjudgment interest accrues from the final judgment date unless the appellate court can or does render the judgment the trial court should have rendered. If the trial court determines that it must reopen the record on remand based upon the record and pleadings as they existed at the time of the remand, postjudgment interest will accrue from the subsequent judgment. But if the court of appeals can or does render the judgment the trial court should have rendered, postjudgment interest accrues from the original, erroneous trial court judgment.

*Id.* at 87. We then applied our holding to the facts before us in that case:

> Here, the court of appeals remanded for the trial court to assess prejudgment interest based upon the date the Long Trusts received joint interest billings. The trial court determined it required additional evidence to decide that issue. Because there was insufficient evidence in the record establishing when the Long Trusts received the billings and because the trial court had no duty to deny Castle's request for prejudgment interest on the existing record, we find no basis to conclude that the trial court's ruling to reopen the record was an abuse of discretion. Accordingly, *postjudgment interest must accrue from the trial court's final judgment in 2009.* We reverse the court of appeals' judgment and remand for the trial court to render judgment for Castle, with *postjudgment interest to accrue in accordance with this opinion.*

*Id.* (emphasis added).

On remand, however, the trial court issued a letter ruling stating that the record must be re-opened to "determine postjudgment interest including the accrual period." Castle petitioned the court of appeals for mandamus relief from the trial court's ruling, arguing that the trial court exceeded the scope of this Court's mandate by indicating its intent to re-open the record. In a split opinion, the court of appeals denied relief. No. 12-17-00178-CV, 2017 WL 3225070 (Tex. App.—Tyler 2017, orig. proceeding) (mem. op.). The majority reasoned that mandamus relief was unwarranted because the trial court's letter ruling did not explain its rationale for re-opening the record, and therefore the record "does not include sufficient information to enable this Court to conduct the balancing test required by *Prudential.*" *Id.* at *4 (referencing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004)). The majority further concluded that "the trial court's decision to reopen the record is not inconsistent with the supreme court's directive" because the trial court retains discretion "to determine whether the record contained sufficient evidence to correctly award postjudgment interest." *Id.* In any event, the trial court's ultimate decision, the majority noted, would be reviewable on appeal. *Id.* at *4–5.

A dissenting justice disagreed, arguing that the trial court "exceeded its authority when it ordered the reopening of the record" in light of this Court's "clear instruction for the trial court to render judgment for Castle with postjudgment interest to accrue on March 25, 2009." *Id.* at *5 (Hoyle, J., dissenting). Justice Hoyle would have held the trial court abused its discretion in reopening the record because (1) there were no outstanding issues requiring additional evidence; (2) the trial court's letter ruling was not vague; it clearly expressed intent to re-open the record to decide the accrual date for postjudgment interest; and (3) mandamus relief is appropriate when a

2

lower court fails to comply with this Court's judgment and to avoid further waste of time and resources. *See id.* at *5–6.

We agree with the dissenting justice. The scope of our remand, which we think was clear, was simply to render judgment for Castle with postjudgment interest accruing from the trial court's final judgment issued in 2009. Our further instruction for the trial court to proceed "in accordance with this opinion" is not, as the real party in interest seems to suggest, an invitation to raise new arguments that would require re-opening the record. *See Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013) ("[T]he trial court has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate."). True, our opinion stated in its analysis that, generally speaking, "the determination of whether the record must be reopened on remand is one for the trial court in the first instance to be made based upon the time of remand." *Long*, 426 S.W.3d at 85. But this general statement does not override our specific holding as to the parties before us in that case or our explicit instruction to the trial court on a limited remand. Here, the trial court had a ministerial duty to "render judgment for Castle, with postjudgment interest to accrue in accordance with this opinion." *Id.* at 87. In the immediately preceding sentence, we stated that "postjudgment interest must accrue from the trial court's final judgment in 2009." *Id.* There is no need to re-open the record to comply with this directive. We have set the accrual date. The interest rate is set by statute. *See* TEX. FIN. CODE §§ 304.001–.302. All that remains is for the trial court to render judgment as directed.

Mandamus relief is appropriate to enforce our mandate. *See, e.g., Wells v. Littlefield*, 62 Tex. 28, 31 (1884) ("If [a lower court's judgment is] reversed and sent down to have some special judgment rendered by the court below, jurisdiction remains till that particular judgment is entered

up, and the mandate of the court obeyed. For the purpose of enforcing all such orders coming within the appellate jurisdiction of the court it may resort to the writ of *mandamus* . . . .”). We further note that this case has dragged on for twenty-two years, through multiple appeals, remands, a bankruptcy stay, petitions for mandamus relief, and more. We are fully cognizant of the additional time and resources that would be wasted by the trial court's decision to re-open the record despite our directive to render judgment and finally dispose of this case. *See In re Prudential*, 148 S.W.3d at 136 (“Mandamus review . . . may be essential to . . . spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.”). Accordingly, and without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we again direct the trial court to render judgment for Castle with postjudgment interest accruing from the trial court's final judgment issued in 2009, *see Long*, 426 S.W.3d at 87, and further direct the trial court not to re-open the record in doing so. We are confident the trial court will comply, and our writ will issue only if it does not.

OPINION DELIVERED: November 16, 2018