**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00183-CV**
_____

**KATHRYN M. DANNER, Appellant**

**V.**

**GEORGE EARL DANNER, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-03-04143-CV**

**MEMORANDUM OPINION**

In this appeal, we are asked to determine whether an award of a bank or brokerage account, made pursuant to § 7.001 of the Texas Family Code, authorizes an award of interest on the value of the account. *See* Tex. Fam. Code Ann. § 7.001; Tex. Fin. Code Ann. § 304.005. We hold that the trial court properly denied the request for interest on the three accounts in question. We therefore affirm the trial court's decision.

1

## I. Background

Kathryn and George Danner were married in the early 1990s and sought a divorce in 2017. The trial court granted the divorce and divided the parties' marital estate, awarding Kathryn part or all of three brokerage accounts. When George appealed the trial court's decision, we affirmed the lower court's property division, and our Supreme Court denied George's petition for review. *See Danner v. Danner*, No. 09-18-00385-CV, 2020 WL 6325725 (Tex. App.—Beaumont Oct. 29, 2020, pet. denied). During the lengthy appellate process,[1] Kathryn was denied access to the brokerage accounts awarded to her and, therefore, sought interest on the value of those accounts. The trial court denied Kathryn's request, concluding that the awards of the accounts were not "money judgments." Kathryn filed this appeal.

## II. Standard of Review

The outcome of this appeal hinges on the definition of a "money judgment" that would accrue postjudgment interest. *See* Tex. Fin. Code Ann. §§ 301.002(a)(12), 304.005(a). Matters of statutory construction are reviewed on appeal as questions of law under a de novo standard of review. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

---

[1] The trial court signed the parties' divorce decree on September 7, 2018, but the appeal was not resolved until we issued our mandate on April 19, 2021.

## III. Analysis

The September 7, 2018, divorce decree awarded Kathryn two Merrill Lynch investment accounts, with a combined value of $548,177.25, and the equivalent value of $1,062,242.20 out of an Edward Jones retirement account. All three accounts were kept invested in "numerous funds, stocks, bonds, and other assets" that fluctuate in value. Each account was to be divided pursuant to the Decree and as "more particularly defined in a Qualified Domestic Relations Order signed by the Court." The decree award included "interest, dividends, gains, or losses" on the awards, but did not reflect the amounts of cash and/or securities contained in the accounts in question.[2] What, at first blush, appears to state a monetary award of $1,062,242.20 out of the designated Edward Jones account was subsequently clarified by an order of the court signed on May 13, 2021. That clarifying order directed the Edward Jones account to be divided pursuant to the QDRO, signed on May 13, 2021, awarding Kathryn 82.46 % of the Edward Jones account at issue. The record is silent as to whether the court has signed a QDRO as to each of the Merrill Lynch accounts which were awarded 100% to Kathryn. However, each of the three

---

[2] Other documents in the appellate record show that in September of 2018, when the trial court signed the parties' divorce decree, the Merrill Lynch accounts contained minimal cash deposits, but substantial equities, mutual funds, and "alternative investments."

accounts were of the same nature in that they contained a mix of cash and securities, most of which were securities, and they did not meet the definition of "money."

Kathryn contends that the two-and-one-half year delay in her access to these accounts merits an award of postjudgment interest pursuant to the Texas Finance Code. *See* Tex. Fin. Code Ann. § 304.005(a). George, conversely, contends that the award of these accounts does not constitute a "money judgment" as that term is contemplated by the cited statutory section.

Because "every word excluded from a statute must . . . be presumed to have been excluded for a purpose[,]" we presume that a statute permitting postjudgment interest on a "money judgment" does not also allow postjudgment interest on a judgment for something other than money. *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 185 (Tex. 2022) (citation omitted). The Texas Finance Code defines a money judgment as "a judgment for money." Tex. Fin. Code Ann. § 301.002(a)(12); *Long v. Castle Tex. Prod., Ltd. P'ship*, 426 S.W.3d 73, 78 (Tex. 2014). Money is defined as "a medium of exchange currently authorized or adopted by a domestic or foreign government." Tex. Bus. & Com. Code Ann. § 1.201(b)(24); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980). This definition distinguishes money from securities, which are defined as including stocks, bonds, commercial paper, and the like. *See* Tex. Gov't Code Ann. § 4001.068(a). Therefore, we conclude that a divorce decree granting an award further defined by a QDRO that

4

divides an account containing a mix of investments and cash is not a money judgment. Each of the three accounts were of the same nature in that they contained a mix of cash and securities, most of which were securities, and they did not meet the definition of "money" found in § 1.201(b)(24) of the Business and Commerce Code. See Tex. Bus. & Com. Code Ann. § 1.201(b)(24). The subsequent order of the court clarified that the award in the Final Decree was not an award of money but was a division of retirement accounts pursuant to a QDRO. For this reason, Kathryn may not receive interest on the value, as of the date of divorce, of either the Merrill Lynch accounts or the Edward Jones account awarded to her in the divorce decree.

We overrule Kathryn's three appellate points.

## IV. Conclusion

Because we hold that the award of the two Merrill Lynch accounts and the Edward Jones account did not constitute a money judgment pursuant to the Texas Finance Code, we affirm the trial court's judgment denying Kathryn's request for postjudgment interest on those accounts.

George's pending motion to dismiss the appeal presents the same arguments presented in his brief. We deny that motion to dismiss the appeal.

5

AFFIRMED.

JAY WRIGHT
Justice

Submitted on February 3, 2023
Opinion Delivered February 15, 2024

Before Golemon, C.J., Wright and Horton, JJ.

6