**AFFIRMED; Opinion Filed January 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00944-CV

### LORRIE FRAZIN, Appellant
### V.
### MARC SAUTY AND BENEDICTE SAUTY, Appellees

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-00258-C**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

This is the third appeal filed in this landlord-tenant dispute. In two issues, appellant Lorrie

Frazin challenges the trial court's award of attorney's fees and post-judgment interest to appellees

Marc Sauty and Benedicte Sauty in its "Order Releasing Bond" after our mandate issued in the

second appeal. Concluding Frazin's issues lack merit, we affirm.

## BACKGROUND

The Sautys sued Frazin for damages after she failed to return their residential real estate

deposit. *See Frazin v. Sauty*, No. 05-12-00137-CV, 2014 WL 3828210, at *1 (Tex. App.—Dallas,

Aug. 5, 2014, no pet.) (mem. op.). In the first appeal, we reversed the county court's summary

judgment in favor of the Sautys and remanded the case to the trial court for further proceedings.

*Id*. at *7. In 2015, on remand from the first appeal, a jury trial was held and the trial court rendered

judgment on the verdict in favor of the Sautys for $6,685 in damages, costs in the amount of $865.68, plus "statutory prejudgment interest" and "statutory post-judgment interest." *See Frazin v. Sauty*, No. 05-15-00879-CV, 2016 WL 7163858, at *2–3 (Tex. App.—Dallas Nov. 7, 2016, pet. denied) (mem. op.). Frazin again appealed. We reversed and rendered in part, deleting the trial court's prejudgment interest award, but affirmed the trial court's judgment in favor of the Sautys in all other respects. *See id.* at *8.

Our mandate issued in the second appeal on July 25, 2017. Three days later, the Sautys filed a motion in the trial court to enforce the trial court's judgment and requested the release of the cash supersedeas bond Frazin had deposited into the court's registry. In response to the Sautys' motion, Frazin asserted that any post-judgment interest began to accrue from our July 25 mandate and, because no post-judgment interest rate was specified, "an inquiry would need to be made as to the proper legal rate applicable" before the trial court could assess any post-judgment interest.

The parties agree that the trial court held an evidentiary hearing on the Sautys' motion, but Frazin did not request a copy of the reporter's record of the hearing. Accordingly, the record of the hearing is not before us. After the hearing, the trial court signed an "Order Releasing Bond" awarding the Sautys $7,550.68 in damages and costs, as well as post-judgment interest of $796.18. The trial court also awarded the Sautys $1,500 in attorney's fees. Frazin filed this appeal.

## ANALYSIS

### A. Attorney's Fees

In her first issue, Frazin contends the trial court erred in awarding attorney's fees to the Sautys. In their motion to enforce judgment and release the bond, the Sautys requested $1,500 in attorney's fees asserting they were required to retain counsel to enforce their rights under the judgment. On appeal, Frazin asserts section 31.002 of the Texas Civil Practice and Remedies Code allows recovery of attorney's fees only when the court signs a turnover order for property of a

judgment debtor that cannot be readily attached or levied upon by ordinary legal process. Thus, according to Frazin, section 31.002 does not authorize attorney's fees simply for enforcing a judgment. Neither the Sautys' motion nor the trial court's order specifically referenced section 31.002 of the civil practice and remedies code as the basis for the attorney's fees award. Likewise, nothing in the clerk's record before us indicates that Frazin ever objected in the trial court to the imposition of attorney's fees pursuant to section 31.002 or on any other basis. Moreover, the absence of a reporter's record prevents us from determining whether Frazin raised this issue at the evidentiary hearing.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a). Because Frazin has not shown she raised an objection to the trial court's award of attorney's fees in the trial court, she failed to preserve this complaint for our review. *See Coffin v. Bank of Oklahoma, N.A.*, No. 05-13-00232-CV, 2014 WL 198410, at *1 (Tex. App.—Dallas Jan. 16, 2014, no pet.) (mem. op.) (failure to raise complaints about attorney's fees and sanctions award in trial court precludes review of those complaints on appeal). We therefore resolve this issue against her.

## B.      Post–Judgment Interest

In her second issue, Frazin asserts that the trial court erred in awarding post-judgment interest from the date of its 2015 judgment. Relying on *Long v. Castle Texas Production Ltd. Partnership*, 426 S.W.3d 73 (Tex. 2014), Frazin argues post-judgment interest in this case should accrue from the date of the trial court's July 2017 evidentiary hearing and order because the trial court's 2015 judgment did not state the post-judgment interest rate as required by section 304.001 of the Texas Finance Code. *See* TEX. FIN. CODE ANN. § 304.001. Based on our review of the record, we do not agree with Frazin's application of *Long* as it relates to this case. In *Long*, the

supreme court explained that in a case where the trial court issues multiple judgments, post-judgment interest generally accrues from the date of the final judgment. *Id.* at 80. However, when an appellate court renders or could have rendered judgment, post-judgment interest accrues from the date of the trial court's original, erroneous judgment. *Id.* In this case, our mandate did not remand the cause to the trial court. Instead, we reversed in part and rendered judgment deleting the prejudgment interest award and affirmed the remainder of the trial court's judgment. Consequently, the procedural posture here is akin to the one addressed by the supreme court in *Thornal v. Cargill, Inc.*, 587 S.W.2d 384, 384 (Tex. 1979) (per curiam) (op. on reh'g). In *Thornal*, the court of appeals affirmed a judgment in part and reversed and rendered the remainder of the judgment without awarding post-judgment interest. *See id.* The supreme court subsequently reformed the court of appeals' judgment to award post-judgment interest from the date of the trial court's erroneous judgment. *Id.* at 385. In making the post-judgment interest award, the supreme court relied on *American Paper Stock Co. v. Howard*, 528 S.W.2d 576 (Tex. 1975), stating that when a trial court's judgment is erroneous, the appellate court judgment takes its place and post-judgment interest accrues from the date of the erroneous judgment. *Thornal*, 57 S.W.2d at 385. Thus, the trial court did not err in awarding post-judgment interest from the date of its original judgment after our mandate affirming in part and reversing and rendering in part. Having concluded that the trial court properly awarded post-judgment interest from the date of its original judgment, we resolve Frazin's second issue against her.

## CONCLUSION

Having resolved both of Frazin's issues against her, we affirm the trial court's order releasing bond.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

170944F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LORRIE FRAZIN, Appellant

No. 05-17-00944-CV      V.

MARC SAUTY AND BENEDICTE
SAUTY, Appellees

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-11-00258-C.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III, and Carlyle
participating.

In accordance with this Court's opinion of this date, the trial court's order releasing bond is **AFFIRMED**.

It is **ORDERED** that appellees Marc Sauty and Benedicte Sauty recover their costs of this appeal from appellant Lorrie Frazin.

Judgment entered this 22nd day of January, 2019.